ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ASOCIACIÓN DE FARMACIAS DE LA COMUNIDAD DE PUERTO RICO<br><br>RECURRENTE<br><br>V.<br><br>DISPENSARIO FARMAVERDE LA CENTRAL, LLC<br><br>RECURRIDA | KLRA202500166 | *REVISIÓN JUDICIAL* procedente del Departamento de Salud, Oficina de Asesoramiento Legal, División de Vistas Administrativas<br>_____<br>Querella Núm.: Q-22-09-019<br>_____<br>Sobre:<br><br>Violación a la Ley del 3 de septiembre de 2004, según enmendada, conocida como Ley de Farmacias de Puerto Rico; Reglamento 156 para l Secretaria de Salud para la Operación de Establecimiento dedicados a la Manufactura, Distribución y Dispensación de Medicamentos del 18 de febrero de 2016; Violación al Reglamento 9321, Reglamento de Procedimiento Adjudicativo y Reglamentación en el Departamento de Salud |
|---|---|---|

Panel integrado por su presidenta la Jueza Romero García,[1] el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

# S E N T E N C I A

En San Juan, Puerto Rico, a 22 de mayo de 2025.

Comparece la Asociación de Farmacias de la Comunidad de Puerto Rico ("Asociación" o "Recurrente") y solicita que revisemos la Resolución Enmendada emitida el 9 de enero de

---

[1] Mediante Orden Administrativa OATA-2025-068 del 7 de mayo de 2025 se designa a la Hon. Giselle Romero García en sustitución del Hon. Félix Figueroa Cabán para entender y votar.

2025[2] por el Departamento de Salud ("Departamento") declarando *No Ha Lugar* la Querella presentada por la Recurrente.

Por los fundamentos que exponemos a continuación, **confirmamos** la determinación administrativa.

-I-

El 2 de septiembre de 2022[3] la Asociación presentó una *Querella* contra el Dispensario FarmaVerde La Central, LLC ("FarmaVerde" o "Recurrida"). En esa ocasión, la Recurrente alegó violaciones a la Ley Núm. 247 de 3 de septiembre de 2004, según enmendada, también conocida como *Ley de Farmacia de Puerto Rico*. El 26 de septiembre de 2022 FarmaVerde presentó su *Contestación a Querella*[4] negando la responsabilidad alegada. En particular, adujo que el nombre "FarmaVerde" tiene la aprobación de la Junta Reglamentadora del Cannabis Medicinal ("Junta") al emitir las licencias a favor de los respectivos establecimientos de la Recurrida, así como la aprobación del Departamento de Estado del Gobierno de Puerto Rico al emitir el certificado de organización a favor del "Dispensario FarmaVerde La Central LLC".[5] Además, la Recurrida alega que no utiliza la palabra "farmacia" y que el nombre "FarmaVerde" sólo comparte el lexema "*Farma*". En lo que respecta al símbolo de la cruz verde, la Recurrida alega que este es un emblema universal reconocido por la Junta.[6]

El 9 de abril de 2023, la Asociación presentó una solicitud de Resolución Sumaria.[7] Por su parte, el 17 de mayo

---

[2] Notificada el 11 de febrero de 2025.
[3] Con fecha de 1 de septiembre de 2022.
[4] Véase Apéndice del recurso de revisión administrativa, pág. 8.
[5] *Íd.*
[6] *Íd.*
[7] *Íd.*

de 2023, la Recurrida se opuso a dicha solicitud.[8] Posteriormente, el 14 de enero de 2025, el Departamento emitió una *Resolución*[9] declarando *No Ha Lugar* la Querella presentada. Así las cosas, el 5 de febrero de 2025 la Asociación presentó una *Moción de Reconsideración de la Resolución*[10]. El 11 de febrero de 2025 el Departamento emitió una *Notificación de Resolución Enmendada*[11] haciendo referencia a la Resolución del 14 de enero de 2025. Inconforme con la determinación, el 12 febrero de 2025, la Asociación presentó una *Moción de Reconsideración de la Resolución Enmendada*[12]. Por su parte, el 21 de febrero de 2025, la Recurrida presentó una *Oposición a Moción de Reconsideración*[13]. Ante la ausencia de determinación por parte del Departamento, el 20 de marzo de 2025, la Asociación presentó un recurso de revisión judicial alegando los siguientes señalamientos de error:

> ERRÓ EL FORO ADMINISTRATIVO AL CONCLUIR QUE EL USO DEL TÉRMINO "FARMA" POR PARTE DE FARMAVERDE NO CONSTITUYE UNA VIOLACIÓN AL ARTÍCULO 6.06(A)(13) DE LA LEY NÚM. 247-2004 Y AL ARTÍCULO 12.04(A)(12) DEL REGLAMENTO NÚM. 8703 AL IGNORAR QUE EL USO DE LA PALABRA "FARMA" EN COMBINACIÓN CON OTRA PALABRA REPRESENTA UNA INDUCCIÓN A ERROR PARA EL PÚBLICO, LO QUE ESTÁ EXPRESAMENTE PROHIBIDO POR LA LEGISLACIÓN VIGENTE.
>
> ERRÓ EL FORO ADMINISTRATIVO AL INTERPRETAR ERRÓNEAMENTE QUE LA AUTORIZACIÓN DEL NOMBRE "FARMAVERDE" POR EL DEPARTAMENTO DE ESTADO Y LA JUNTA REGLAMENTADORA DEL CANNABIS MEDICINAL CONVALIDA SU LEGALIDAD BAJO LA LEY NÚM. 247-2004, YA QUE EL MERO REGISTRO DE UN NOMBRE COMERCIAL NO EXIME A UNA ENTIDAD DEL CUMPLIMIENTO CON DISPOSICIONES LEGALES ESPECÍFICAS QUE REGULAN EL USO DE TÉRMINOS RELACIONADOS CON FARMACIAS.

-II-

**A. Deferencia administrativa**

Los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias

---

[8] *Íd.*
[9] *Íd.*, a las págs. 52-54.
[10] *Íd.*, a las págs. 79-88.
[11] *Íd.*, a las págs. 1-3.
[12] *Íd.*, a las págs. 31-41.
[13] *Íd.*, a las págs. 89-93.

administrativas, debido a que estas cuentan con vasta experiencia y pericia para atender los asuntos que le han sido delegados por la Asamblea Legislativa.[14] Por lo tanto, las determinaciones de las agencias suponen una presunción de legalidad y corrección que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas.[15] Sin embargo, dicha norma no es absoluta. A tales efectos, nuestro más alto foro ha enfatizado que no podemos imprimirle un sello de corrección a una determinación, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho. Nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la siguiente forma:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta [sic] cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos, procede que se valide la interpretación que realizó la agencia administrativa recurrida.[16]

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de

---

[14] *Hernández Feliciano v. Municipio de Quebradillas*, 2023 TSPR 6, 211 DPR ___ (2023); *O.E.G. v. Martínez Giraud*, 2022 TSPR 93, 210 DPR ___ (2022); *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018).
[15] *Íd.*; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 215 (2012).
[16] *Íd.*; Véase, además, *Super Asphalt v. AFI y otro*, supra, a la pág. 819.

razonabilidad.[17] Bajo este criterio, la revisión judicial se limita a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción.[18] La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas.[19] Nuestro máximo foro ha expresado que esta intervención "*debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley.*"[20] Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad.[21] Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad.[22] No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra.[23] Ahora bien, nuestro más alto foro ha dispuesto que la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: (1) erró al

---

[17] *O.E.G. v. Martínez Giraud*, supra; *Super Asphalt v. AFI y otro*, supra, a la pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, a la pág. 127.
[18] *Íd.*
[19] *O.E.G. v. Martínez Giraud*, supra; *Torres Rivera v. Policía de PR*, 196 DPR 606, 626-627; *Batista, Nobbe v. Jta. Directores*, supra, pág. 217.
[20] *Rolón Martínez v. Supte. Policía*, supra, a la pág. 36.
[21] *Íd.*; *O.E.G. v. Martínez Giraud*, supra; *Super Asphalt v. AFI y otro*, supra.
[22] Véase Sección 4.5 de la LPAUG, 3 LPRA § 9675; *Rolón Martínez v. Supte. Policía*, supra, a la pág. 36; *Torres Rivera v. Policía de PR*, supra, a la pág. 627.
[23] *Íd.*

aplicar la ley (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales.[24]

Finalmente, el Tribunal Supremo ha expresado que, conforme a lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "*la deferencia judicial al expertise administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia.*"[25]

### B. Ley de Farmacia de Puerto Rico

La Ley de Farmacia tiene como propósito "*promover y proteger la salud, la seguridad y el bienestar público.*" Además, esta ley creó la División de Medicamentos y Farmacia como unidad administrativa del Departamento de Salud, a fin de supervisar las fases de manufactura, distribución de medicamentos e intercambio de medicamentos bioequivalentes en Puerto Rico.[26]

Como parte de las disposiciones de esta legislación, se establecieron las conductas constitutivas de delito. En lo pertinente a la controversia de epígrafe, el Artículo 6.06 dispone que "*incurrirá en delito menos grave, y convicta que fuere, será sancionada con pena de reclusión por un término no mayor de seis (6) meses o multa que no excederá de cinco mil dólares ($5,000), o ambas penas, a discreción del Tribunal, toda persona que a sabiendas e intencionalmente*":

---

[24] *Torres Rivera v. Policía de PR*, supra, a las págs. 627-628; *O.E.G. v. Martínez Giraud*, supra, a la pág. 90.
[25] *O.E.G. v. Martínez Giraud*, supra, a la pág. 91.
[26] *Véase* Exposición de Motivos de la Ley Núm. 247 de 3 de septiembre de 2004, según enmendada.

1. Ejerza, se presente o anuncie como farmacéutico o

2. Como técnico de farmacia sin poseer una licencia o certificado expedido por la Junta de Farmacia de Puerto Rico.

3. Emplee, ayude o induzca a ejercer como farmacéutico o como técnico de farmacia a una persona que no posea la licencia o certificado de la Junta.

4. Dispense, venda o entregue medicamentos en un establecimiento que no tenga la licencia, certificado o autorización correspondiente.

5. Dispense, despache o entregue medicamentos de receta sin ser un farmacéutico, a menos que sea un técnico de farmacia, un interno de farmacia o interno de técnico de farmacia y participe de tal función bajo la directa e inmediata supervisión del farmacéutico.

6. Dispense una receta o repetición de receta expedida por una persona que no sea un prescribiente médico, odontólogo, dentista, podiatra o médico veterinario autorizado a ejercer en Puerto Rico o en cualquier Estado de los Estados Unidos de América, según dispuesto por esta Ley.

7. Siendo un prescribiente autorizado por esta Ley, entregue al paciente o a su representante cualquier medicamento, excepto muestras médicas en su envase y rotulación original, así identificadas por su manufacturero.

8. Siendo médico, grupo de médicos, corporación de médicos, o sociedad de médicos, administradora de beneficios de farmacia, o compañía de seguros de salud, refiera o dirija pacientes a una farmacia en la cual tenga interés financiero; o que siendo una farmacia, establezca una relación contractual o negociación que promueva o permita esta práctica.

9. Establezca, dirija, administre u opere una industria farmacéutica, botiquín, farmacia, droguería, o cualquier establecimiento que se dedique a distribuir, dispensar, expender o vender al por mayor o al detal medicamentos, sin poseer la licencia, certificado o autorización requerido en esta Ley.

10. Se presente, haga pasar, anuncie o actúe como agente representante sin poseer la licencia requerida en esta Ley.

11. Venda medicamentos a establecimientos que no tengan la licencia, certificado o autorización correspondiente bajo esta Ley para adquirirlos, venderlos, administrarlos o dispensarlos.

12. Venda, entregue, cambie o regale medicamentos de receta sin que medie la respectiva receta expedida por un médico, odontólogo, podiatra o

médico veterinario autorizado a ejercer en Puerto Rico.

13. Exhiba un rótulo en el exterior o interior de un establecimiento, se anuncie en periódicos, por radio o televisión, hojas sueltas o a través de cualesquiera otros medios de promoción o de otra manera promocione dicho establecimiento con un nombre que incluya las palabras "farmacia", "droguería", "botica", "apotecario", o las palabras en inglés "drug", "pharmacy", "drugstore" o una combinación de éstas, o cualquier palabra o frase relacionada en cualquier idioma; o exhiba símbolo, insignia o emblema alguno utilizado tradicionalmente para identificar una farmacia, que tienda a indicar o insinuar al público que el establecimiento es una farmacia o droguería; o anuncie la venta de medicamentos de receta, o la prestación de cualquier servicio farmacéutico, a menos que el establecimiento posea una licencia para operar una farmacia o droguería.[27]

### C. Ley Medicinal[28]

La conocida Ley Medicinal *"provee un marco regulatorio que permite una alternativa legítima de tratamiento con cannabis para las personas con ciertas condiciones médicas."*[29] A fin de lograr los objetivos de esta legislación se creó la Junta Reglamentadora del Cannabis Medicinal, la cual es presidida por el Secretario de Salud.[30] La Junta autorizará el uso del cannabis para investigación y desarrollo científico y establecerá mediante reglamento los requisitos para emitir las licencias para investigación y desarrollo luego de la correspondiente evaluación de la solicitud.[31] Aquellas entidades que utilicen el cannabis para investigación científica tendrán que cumplir con los requisitos

---

[27] 20 LPRA § 411e. Cabe señalar que el Artículo 12.04(a)(12) del Reglamento Núm. 8703, *Reglamento de la Secretaría de Salud Núm. 156 para la Operación de los Establecimientos dedicados a la Manufactura, Distribución y Dispensación de Medicamentos en Puerto Rico*, y el subinciso 13 del artículo aquí citado, leen de igual forma.
[28] Ley Núm. 42 de 9 de julio de 2017, según enmendada. También conocida como *Ley para Manejar el Estudio, Desarrollo e Investigación del Cannabis para la Innovación, Normas Aplicables y Límites.*
[29] *Véase* Exposición de Motivos de la Ley Núm. 42 de 9 de julio de 2017, según enmendada.
[30] 24 LPRA § 2622.
[31] 24 LPRA § 2624.

regulatorios del Gobierno Federal y del Gobierno de Puerto Rico.[32]

Por otro lado, en lo que respecta a la reglamentación del cannabis, la Ley Medicinal dispone que los reglamentos deberán elaborarse acorde con la política pública y disposiciones de esta legislación. Lo anterior a fin de salvaguardar la salud, evitar el abuso del cannabis medicinal y velar por la seguridad de la comunidad y de todas las partes que intervienen en la industria. Cabe señalar que las operaciones que se llevan a cabo en los dispensarios tendrán que contar con un sistema de vigilancia electrónica para prevenir y detectar rápidamente cualquier actividad delictiva. Además, todos los dispensarios contarán con, por lo menos, un (1) guardia de seguridad durante el horario de operaciones y abierto al público.

-III-

La Asociación plantea que FarmaVerde violó la Ley de Farmacia y el Reglamento Núm. 8703 al utilizar la palabra "*Farma*" en el nombre del dispensario, induciendo a error al público. Además, alega que el mero registro de un nombre comercial no exime a una entidad del cumplimiento con las disposiciones legales que regulan, en este caso, los términos relacionados con las farmacias. Por estar íntimamente relacionados, discutiremos ambos planteamientos de manera conjunta. Veamos.

Tanto la Ley de Farmacia como el Reglamento Núm. 8703 señalan como conducta constitutiva de delito promocionar un establecimiento utilizando las palabras "*farmacia*", "*droguería*", "*botica*", "*apotecario*", o las palabras en inglés "*drug*", "*pharmacy*", "*drugstore*", o una combinación de estas,

---

[32] *Íd.*

o cualquier palabra o frase relacionada. Además, también prohíben el uso de algún símbolo, insignia o emblema que le insinúe al público que el establecimiento es una farmacia. Ahora bien, es menester señalar que la Ley de Farmacia fue creada en el año 2004 con el propósito de "*promover y proteger la salud, la seguridad y el bienestar público.*"[33] Posteriormente, en el año 2017 la legislatura aprobó la conocida Ley Medicinal cuyo fin armoniza con el de la Ley de Farmacia en la medida en que se centra en "*proveer un marco regulatorio que permita una alternativa de tratamiento a personas con ciertas condiciones médicas.*" Por lo tanto, no podemos concluir que la Ley de Farmacia pretende castigar los dispensarios de cannabis medicinal. De una lectura de los propósitos de las legislaciones resulta evidente que ambas se complementan y que su aplicación requiere ser armonizada. A medida que le damos paso a los avances científicos mediante tratamientos que mejoren la calidad de vida de las personas, se cumple el propósito de promover la salud, la seguridad y el bienestar público que persigue la Ley de Farmacia. Resolver lo contrario implicaría un retroceso en los avances que hemos alcanzado como sociedad.

Ahora, en lo que respecta al uso de la palabra "*FarmaVerde*" concluimos que su uso no constituye una violación de la Recurrida a la legislación aplicable. Nos explicamos.

Tanto la Ley de Farmacia, como el Reglamento Núm. 8703 establecen cuáles serán las conductas constitutivas de delito dirigidas a aquellos establecimientos que intenten anunciarse como farmacia. Lo anterior, con el propósito de proteger a las personas de recibir medicamentos en establecimientos que

---

[33] *Véase* Exposición de Motivos de la Ley Núm. 247 de 3 de septiembre de 2004, según enmendada.

no cuentan con las debidas certificaciones. Ese no es el caso de FarmaVerde. La Recurrida se rige por la Junta Reglamentadora del Cannabis Medicinal, adscrita al Departamento de Salud de Puerto Rico. Es decir, a fin de operar como un dispensario de cannabis medicinal, FarmaVerde pasó por el crisol del Departamento, cumpliendo con los requisitos necesarios para su operación.

A pesar de lo anterior, resulta necesario señalar que la palabra "*Farma*" no se encuentra entre las prohibidas por el estatuto y tampoco es una combinación de estas. La palabra "*Farma*" se deriva de "pharmakon" que significa "medicamento" o "remedio". Por lo tanto, incluir el término "*Farma*" como parte de las palabras prohibidas resultaría en un menoscabo al principio de legalidad que rige nuestro ordenamiento jurídico, por imponer una pena sin que haya una prohibición expresa en la legislación.

A la luz de los fundamentos antes esbozado, concluimos que la determinación emitida por el Departamento de Salud está fundamentada en evidencia sustancial, por lo cual confirmamos la Resolución Enmendada declarando *No Ha Lugar* la Querella presentada por la Asociación.

-IV-

Por los fundamentos antes expresados se **confirma** la determinación administrativa.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Romero García concurre con el resultado sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones